UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ANTHONY SAMPERI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENDRA NAGI, CONNOR BURCH, OFFICER STRODTBECK, ADA COUNTY,[1] OFFICER MILLER,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00190-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Mark Anthony Samperi ("Plaintiff") filed an *in forma pauperis* Complaint that is subject to screening. The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order dismissing the Complaint with leave to amend certain claims.

REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

---

[1] "Ada County" appears in the case heading, but there are no claims against the county asserted in the Complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "[I]nsufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "[L]ack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- [F]rivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- [S]eeking monetary relief from a defendant who is immune from such relief. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 2. Claims Against Boise Police Officers

Plaintiff alleges that, as a result of the arresting officers' wrongful acts, he was sentenced to fifteen years in prison, charged court costs and fines, and lost $982 in cash. He seeks monetary damages and sues each Defendant in their official capacity. Because damages are possible only in individual capacity suits and Plaintiff brings no injunctive relief claims, the Court liberally construes the Complaint as stating individual capacity claims.

Plaintiff alleges that during his arrest, Boise Police Officer Connor Burch violated Plaintiff's Fifth Amendment rights when Burch disabled his on-body video camera (OBV) from

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

his person, obstructing evidence leading to Plaintiff's arrest. Plaintiff also asserts Burch performed unnecessary acts, such as a records check on the passenger, simply to stall while waiting for arrival of a canine unit. Further, Plaintiff asserts officers unlawfully searched his vehicle for drugs and confiscated his cash.

Plaintiff alleges Burch violated Plaintiff's Fourth Amendment rights by performing a cellular telephone data extraction on Plaintiff's phone without a search warrant. This information was "used by Judge Hoagland heavily during . . . sentencing, and can be used by parole commission to help determine whether or not to grant . . . parole." (Dkt. 3 at 7).

Plaintiff alleges Boise Police Officer Strodtbeck violated Plaintiff's Fourth Amendment rights by emptying Plaintiff's pockets without permission and by accessing his car without a search warrant. Plaintiff alleges Strodtbeck violated his Fifth Amendment rights when Strodtbeck turned off his OBV and broke the chain of custody of the contents of Plaintiff's pockets by placing the items inside Plaintiff's car without permission.

Plaintiff alleges that Boise Police Officer Miller, who was the canine handler for the drug dog, violated Plaintiff's Fourth Amendment rights by having improper contact with Plaintiff's property without probable cause and by "failing to provide a proper historically recorded alert." (Dkt. 3 at 10). Plaintiff asserts Miller's narrative in his police report does not match the OBV footage. (Dkt. 3-1 at 8).

The Court concludes Plaintiff's claims call into question his state criminal conviction and sentence. Thus, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars them. In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction or sentence is invalid, he must first prove that the conviction or sentence has been overturned on appeal or in a state or federal post-conviction action. *Id.* at 486-87. If the conviction

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

or sentence has not been overturned, the claim is not cognizable under § 1983. *Heck*, 512 U.S. at 487. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnote omitted).

Here, Plaintiff's conviction would not have been obtained but for the evidence found during the allegedly illegal search. Plaintiff asserts he would not now be in prison but for the officers' wrongful acts. (Dkt. 3 at 9). Plaintiff has not shown his conviction and sentence have been reversed or overturned by any state or federal court. Therefore, his claims are premature.[2]

The claims against the three officers will be dismissed without prejudice and with leave to amend if Plaintiff can make a showing that the *Heck* doctrine is not a bar to bringing a civil rights action.

### 3. Claims Against Public Defender Kendra Nagi

Plaintiff asserts that the public defender in his state criminal action, Kendra Nagi, violated Plaintiff's Sixth Amendment right to effective assistance of counsel. (Dkt. 3 at 2). Nagi filed a motion to suppress crucial evidence obtained during Plaintiff's arrest, but the state court judge denied the motion. After denial, Plaintiff entered a conditional guilty plea to possession of fentanyl with intent to deliver. *See State v. Samperi*, No. 50399, 2024 WL 3594425, at *1-2 (Idaho Ct. App. July 31, 2024). Plaintiff alleges Nagi wrongfully failed to preserve these issues for appeal.

Plaintiff alleges that, as a result of Nagi's failures, Plaintiff was sentenced to fifteen years in prison, charged court costs and fines, and lost $982. He seeks monetary damages.

---

[2] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

The law is clear that a public defender does not act under color of law when representing an indigent defendant in criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (federal criminal context). Therefore, the Court lacks jurisdiction over Plaintiff's claims. *See id*.

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court explained:

> [In] *Polk County v. Dodson*, [454 U.S. 312 (1981)] . . . [t]he Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S. Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S. Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318-319, 320, 102 S. Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S. Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S. Ct., at 2753, n. 18.

*Id.* at 50. As a result, Plaintiff cannot sue Nagi under § 1983.

If Plaintiff believes that Nagi caused him to be wrongfully convicted or to receive an improper sentence, he must pursue those claims in a state post-conviction matter through the level of the Idaho Supreme Court, and then in a federal habeas corpus action under 28 U.S.C. § 2254 in this Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus."). All claims for monetary damages against attorney Kendra Nagi are subject to dismissal for failure to state a claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED. The claims against Officers Connor Burch, Strodtbeck, and Miller, as well as those against Ada County, are DISMISSED without prejudice. The claims against Kendra Nagi are DISMISSED with prejudice. If Plaintiff believes he can state a claim against the officers or the county, he may file an amended complaint, together with a motion to amend, within thirty (30) days after entry of this Order. If he believes that his claims are presently barred but may arise after his convictions or sentences are overturned, as described above, he need not do anything further until such time as they are overturned. If Plaintiff has filed nothing further after thirty (30) days, the Court will enter judgment and close this case.

DATED: September 16, 2024

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge